UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In Re: Justin & Melissa Malanowski     Case No. 10-23018

        Debtor(s)                   Chapter 13

## CHAPTER 13 PLAN

____ Original    __X__ Amended

This plan contains provisions that effect the rights of most or all creditors of the above debtor(s). It also contains provisions regarding treatment of secured claims and priority claims that rely upon the debtor's interpretation of the recent amendments to 11 U.S.C. §1325, §1326 and other Bankruptcy Code provisions. Some of these provisions may be subject to different interpretations The failure of any creditor (secured or otherwise) whose rights are effected or impaired by this plan to file written opposition to confirmation in accordance with the Interim Rules of Bankruptcy Procedure and local rules of this court shall be deemed such creditor's affirmative acceptance of the plan.

     Pursuant to applicable provisions of 11 U.S.C. §1321, §1322 and §1325, the debtor(s) propose(s) the following Chapter 13 plan of reorganization and repayment:

1. **Funding of the Plan and Determination of Minimum Distribution to Unsecured Creditors**

       a.     1. The *actual* net monthly income of the debtor(s) is    $ 2,427

               2. The *actual* reasonable expenses of the debtor(s) are    $ 2,089

               3. The *actual* excess income available to fund the plan is    $ 338

       b.     1. The annualized *current monthly income* of the debtor(s) is $ 43,020

               2. The annualized *current monthly income* is:
                   ____ above    __X__ below the state median income

               3. The applicable commitment period is __X__ 36 months ____ 60 months

               4. The projected disposable income of the debtor(s) is $_____

               5. The minimum amount to be paid to unsecured creditors (including creditors holding administrative or other priority unsecured claims) is $_____

1

c. 1. The debtor shall make ____ weekly _X_ bi-weekly ____ monthly payments to the Chapter 13 trustee in the amount of $ 160 for a period of 60 months.

2. Payments shall be made by:

____ direct payment from debtor(s)
_X_ wage order to employer of _X_ debtor ____ spouse as follows:

Employer name: Sodexho
Employer address: 9801 Washingtonian Blvd.
Gaithersburg, MD 20878

3. The debtor shall make the following additional payments to the Trustee:

Amount | Date | Source of Payment

4. The following special payment provisions shall apply (i.e. step up, seasonal, etc.):

2. **Payment of Administrative Priority Claims**

a. The Chapter 13 Trustee's compensation shall be 10% (or such other percentage as may be fixed by the Trustee) of the plan payments received from the debtor(s). The Chapter 13 Trustee may be deduct such compensation from the plan payments on a weekly, monthly, or other periodic basis consistent with procedures established by the Trustee.

b. 1. A fee of $ 2,450 shall be allowed to counsel for the debtor(s) for all services rendered in connection with the Plan, except and otherwise allowed by local rule or allowed by the Bankruptcy Court

2. The amount received by counsel for the debtor to date is $ 301

3. The balance of legal fees payable through the Plan is $ 2,149

4. Payment of legal fees to counsel for the debtor shall be made on a monthly basis from funds remaining after payment of trustee compensation, adequate protection payments, and equal monthly installments payments to creditors holding allowed secured claims against personal property. Legal fees shall be paid ahead of all claims for mortgage arrears, claims secured by real estate, and priority debts unless otherwise ordered by the Court.

2

3. **Payment of Other Priority Claims**

   a. The debtor shall make full payment to the following priority claims

   <u>Creditor</u>        <u>Amount</u>        <u>Interest Rate</u>

   b. The debtor shall make payment to priority claims allowed under 11 U.S.C. §507(a)(1)(B) in accordance with 11 U.S.C §1322(a)(4). Any amounts not paid on such shall survive the discharge of the debtor(s)

   <u>Creditor</u>        <u>Amount</u>

   c. Payments on priority claims shall be made only after completion of payments on account of allowed administrative claims of the Chapter 13 trustee and counsel for the debtor, as well as payment of all allowed secured claims of any kind.

4. **Payment of Secured Claims**

   a. General Provisions

      1. The holder of each allowed secured claim provided for below shall retain the lien securing such claim until the earlier of: (a) the payment of the underlying debt determined under applicable non-bankruptcy law or (b) discharge under Section 1328

      2. Notwithstanding the provisions contained in 11 U.S.C. §1325(a)(5)(B)(iii)(I), the Chapter 13 Trustee shall not be required to make payments to holders of allowed secured claims in fixed monthly installments. [Strict compliance with 11 U.S.C. §1325(a)(5)(B)(iii)(I) might render the practical administration of the Plan impossible. For example, if the debtor remits a partial plan payment in an amount less than the "equal monthly installment" required by 11 U.S.C. §1325(a)(5)(B)(iii)(I), then the Chapter 13 Trustee would be compelled to pay all the funds received to the secured creditor and would not be able to pay allowed administrative claims, including Chapter 13 Trustee commissions. Similarly, if the debtor remits a larger-than-required monthly plan payment, the Trustee could not make payment to the secured creditor in excess of the required "equal monthly installment," thus causing the secured claim to accrue additional interest needlessly or perhaps requiring the excess funds to be paid to unsecured creditors].

3

3.  For purposes of 11 U.S.C. §1325(a)(5)(B)(iii)(II), the holder of an allowed claim secured by personal property shall be conclusively deemed to be adequately protected throughout the term of the Plan so long as such creditor has received payment according to the following formula: total allowed secured claim *divided by* sixty *multiplied* by number of months elapsed since filing of the plan. However, this provision shall not effect the right of any party in interest to file a motion to dismiss the debtor's case for non-payment.

4.  Notwithstanding the provisions contained in 11 U.S.C. §1326(a)(1)(C), the Trustee (not the debtor) shall make pre-confirmation adequate protection payments to holders of allowed claims secured by personal property.

5.  Claims for mortgage arrears and other claims secured by real estate shall be paid to the extent practicable in equal monthly installments commencing in the month after legal fees to debtor's counsel have been paid in full.

6.  This plan shall constitute the debtor's motion to approve payment of secured claims in the manner specified herein, including valuation of personal property, interest rate, and proposed monthly installments.

7.  In the event a pre-confirmation claim for mortgage arrears is filed in an amount greater than specified in the Plan, the debtor(s) shall have the option of allowing confirmation to proceed by increasing plan payments or duration as needed to provide for full payment of the claim. However, confirmation of the Plan shall not prevent the debtor from filing an objection to claim subsequent to confirmation for any reason, including objections based on excessive legal fees or costs imposed by the lender, improperly calculated arrears of principal and interest, and improperly claimed escrow advances.

8.  Within 30 days of paying the last plan payment, the debtor may serve upon the holder of any claim for mortgage arrears a notice stating that: (1) the amount received by the creditor under the plan has cured the pre-petition default, (2) the creditor is required to treat the mortgage as reinstated unless the debtor has defaulted in post-petition obligations, (3) if the debtor has failed to make any post-petition payments, the creditor is required to provide to the debtor and file with the Court within 20 days of the notice under this paragraph an itemized statement of all payment received from the debtor since the filing of Petition and a statement of all payments alleged to be outstanding, and (4) if the creditor fails to provide and file such notice within the required time frame, the debtor may file a motion seeking a determination that the mortgage default is fully cured.

4

**Real property claims**

b. The following claims secured by real property that the debtor(s) intend(s) to retain shall be paid through the Plan:

Creditor    Amount    Interest Rate    Value of Collateral    Monthly Payment

c. The debtor(s) intend(s) to surrender the following real properties, and any claims secured against such properties shall be deemed fully satisfied unless the creditor files a separate deficiency claim after liquidation of the collateral in an amount that would be allowed under applicable non-bankruptcy law:

Property    Creditor    Amount owed

d. The debtor shall make the following direct monthly payments to holders of claims secured by real property (subject to change based upon escrow fluctuations):

Creditor    Amount    Duration

e. The following arrears on secured claims shall be paid through the Plan:

Creditor    Amount    Interest Rate    Monthly Payment

5

**Personal property claims**

f. From plan payments received, the Trustee shall make the following monthly <u>pre-confirmation</u> adequate protection payments to holders of allowed claims secured by personal property:

| Creditor | Amount | Collateral |
|---|---|---|
| Santander | $159.00 | 2003 Nissan Xterra |

g. The following claims secured by personal property <u>are not</u> subject to bifurcation pursuant to 11 U.S.C. §506, and the allowed amount of such secured claims shall be paid in full (with interest rates that may or may not be equal to the contract rate of interest):

| Creditor | Amount | Interest Rate | Monthly Payment |
|---|---|---|---|

h. **The following claims secured by personal property <u>are not</u> subject to bifurcation pursuant to 11 U.S.C. §506. However, the debtor proposes to pay the claim as follows and the creditor's failure to file written opposition to confirmation in accordance with the Interim Rules of Bankruptcy Procedure and Local Rules of this court shall be deemed such creditor's affirmative acceptance of the proposed treatment of its claim**

| Creditor | Collateral | Balance | Secured Claim | Unsecured Claim | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|---|

i. The following claims are secured by property of the debtor. The debtor shall surrender the collateral to the secured creditor.

.

.

| Creditor | Amount | Collateral |
|---|---|---|
| HSBC Retail (Yamaha) | $5,451.52 | 2004 Yamaha Motorcycle |
| Kay Jewelers (B-Line) | $4,762.22 | Jewelry |

j. The following claims secured by personal property <u>are</u> subject to bifurcation pursuant to 11 U.S.C. §506 for one or more of the following reasons [and the holder(s) of the claim(s) shall be entitled to an allowed secured claim up to the value of the collateral and an allowed general unsecured claim for any remaining balance]:

6

    X    The debt that is the subject of the claim was incurred for a motor vehicle acquired more than 910 days prior to the filing of the petition

\_\_\_    The debt that is the subject of the claim was incurred for other personal property acquired more 365 days prior to the filing of the petition

\_\_\_    The claim is not a purchase money claim

\_\_\_    The motor vehicle or personal property was incurred for business use rather than personal use

\_\_\_    The motor vehicle or personal property was incurred for the personal use of an individual other than the debtor

| Creditor | Collateral | Amount Owed | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| Santander | 2003 Nissan | $12,724.00 | $9,525.00 | 5.25% | $190.00 |

5. **Lien avoidance**

The following liens shall be avoided pursuant to 11 U.S.C. §522(f), 11 U.S.C. §1322(b)(2) and/or 11 U.S.C. §506

| Creditor | Nature of Lien | Amount of lien |
|---|---|---|

6. **Payment of General Unsecured Creditors**

   a. The total amount of general unsecured claims (including undersecured claims) is $ 57,648

   b. Pursuant to the provisions contained in 11 U.S.C. §1325(b) and the calculations set forth in Paragraph 1 of this plan, the minimum total distribution to unsecured creditors is $_____. After deduction of Chapter 13 Trustee compensation, legal fees to counsel for the debtor(s), and all other priority claims, the minimum distribution to <u>general</u> unsecured creditors is $_____

   c. Pursuant to 11 U.S.C. §1325(a)(4), the minimum total distribution to unsecured creditors is $ 5,310 . After deduction of Chapter 13 Trustee compensation, legal fees to counsel for the debtor(s), and all other priority claims, the minimum distribution to <u>general</u> unsecured creditors is $_____

7

d.  The debtor(s) propose(s) to pay allowed general unsecured claims at the rate of  9   % on a pro-rata basis after payment of all other claims in the case.

e.  The following unsecured claims shall be separately classified and paid in full:

| Creditor | Reason for Separate Classification | Amount |
|---|---|---|
|  |  |  |

7. **Filing of Claims**

   a.  Creditors properly listed in the bankruptcy petition must file a timely proof of claim to receive distribution under the Plan. Creditors that are not listed in the Petition [or that are defectively listed with incomplete or incorrect address information] shall be permitted to file a proof of claim within 90 days after such creditor's receipt of actual notice of the bankruptcy filing.

   b.  Any secured creditor that does not file a timely proof of claim may [only with the consent of the debtor] file a late claim.

   c.  Any creditor holding a claim excepted from discharge pursuant to 11 U.S.C. §1328 may [with the consent of the debtor] file a late claim.

   - 
   - 
   - 
   - 
   - 
   - 

8. **Debtor's Duties**

   a.  Debtor is prohibited from transferring, encumbering, selling or otherwise disposing of any real or personal property with a value of $1,000 or more other than in the regular course of the debtor's business affairs without court authorization. Except as provided by 11 U.S.C. §364 and §1304, the debtor shall not incur new debt aggregating more than $500 without court approval unless such debt relates to emergency medical care and prior court approval cannot reasonably be obtained.

   b.  Debtor shall maintain insurance as required by applicable law, contract or security agreement on all personal and real property.

   c.  Debtor shall comply with all applicable non-bankruptcy laws in the conduct of debtor's affairs, including payment of domestic support obligation, conduct of business affairs, filing of required tax returns, and payment of taxes.

8

9. **The executory contracts of the debtor(s) shall be treated as follows:**

   Creditor                Nature of Contract               Disposition

10. **Revestment**

   The debtor shall remain in possession of all property of the Estate during the pendency of this case unless otherwise indicated below. All property of the Estate shall vest in the debtor upon completion of the Plan or dismissal of the case.

11. **Other plan provisions**

DATED:  05-04-11                                         DATED:  05-04-11

           /s/ Justin Malanowski                                    /s/ Peter D. Grubea
           Debtor                                                   Attorney for Debtor(s)

           /s/ Melissa Malanowski
           Joint debtor

9